IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

BACHAND ESTATES LLP and
RM ESTATES LLC,

        Plaintiffs,

                                        MEMORANDUM AND ORDER
   v.                                      07-cv-334-jcs

HANFT FRIDE, P.A., and
XYZ INSURANCE COMPANY,

        Defendants and
        Third-Party Plaintiffs,

   v.

RIPPLEY RICHARD REAL ESTATE
DEVELOPMENT SERVICES LLC and
ABC INSURANCE COMPANY,

        Third-Party Defendants.

---

     Plaintiffs Bachand Estates LLP, a Wisconsin partnership with two Wisconsin partners, and RM Estates LLC, a Wisconsin limited liability company, commenced this legal malpractice action against their attorney, Hanft Fride, P.A., A Minnesota corporation, in the Circuit Court for Douglas County, Wisconsin.  Defendant removed the case to this court on the basis of diversity of citizenship, 28 U.S.C. § 1332.  Subsequently, defendant filed a third party complaint for contribution and indemnification against plaintiff's agent and advisor, Rippley Richard Real Estate Development Services LLC, a Minnesota limited liability company ("Rippley").  The matter is presently before the Court on Defendant's motion for summary judgment.  The following facts are undisputed for purposes of the pending motion.

FACTS

On January 27, 2006 plaintiffs purchased Royalton Manor, a senior retirement complex in Superior, Wisconsin. Plaintiffs desired to redevelop the property and obtain a low income tax credit, which provides a reduction of federal tax liability for developers of qualified projects for affordable multifamily rental housing. The federal tax credit program is administered by the Wisconsin Housing and Economic Development Authority ("WHEDA"). The allowable tax credit is a fixed percentage of certain development and acquisition costs. In 2006 and 2007, 4% credits were available for both acquisition and rehabilitation costs. These credits were available to all applicants eligible to receive them. Alternatively, a 9% tax credit was available on rehabilitation costs through a competitive application process. In 2006 all applicants for the 9% credit had their applications granted and in 2007 eleven of fourteen applications were granted.

Plaintiffs retained Rippley to pursue an income tax credit application with WHEDA. Rippley retained defendant to provide a legal opinion concerning whether the Royalton Manor project was eligible for the 4% credit on acquisition costs. Defendant and Rippley disagree concerning the scope of defendant's retention and particularly disagree concerning whether defendant was advised of a 1999 title transfer of the property. After some investigation defendant provided Rippley with an opinion letter which provided in part:

> We have investigated the history of, construction of and improvement to the subject property as reflected in the permitting records of the local building official. Based on that review, we are of the opinion that the ten (10) year requirement is met with respect to the subject property.

Based in part on this opinion plaintiffs decided to apply for the 4% credit on acquisition and rehabilitation costs for the property rather than the 9% rehabilitation cost credit.

On December 11, 2006 plaintiffs learned that a 1999 title transfer precluded qualification for the 4% credit on acquisition costs. The deadline for filing for the 9% credit was February 2, 2007. Plaintiffs did not apply for the 9% credit but applied for and received the 4% credit on rehabilitation costs.

MEMORANDUM

Plaintiffs claim that they relied on defendant's faulty advice concerning eligibility for the 4% acquisition credit by spending time and effort preparing for that credit, while forgoing an application for the 9% credit they otherwise would have pursued. Defendant argues that it is entitled to summary judgment on plaintiffs' claim because any negligence on its part was not a cause of loss to plaintiff. Specifically, defendant contends that plaintiff's failure to apply for and receive a 9% rehabilitation credit was the result of a business decision unrelated to advice concerning eligibility for the 4% acquisition credit.

Summary judgment is appropriate when, after both parties have the opportunity to submit evidence in support of their respective

positions and the Court has reviewed such evidence in the light most favorable to the nonmovant, there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. A fact is material only if it might affect the outcome of the suit under the governing law. Disputes over unnecessary or irrelevant facts will not preclude summary judgement. A factual issue is genuine only if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Under Rule 56(e) it is the obligation of the nonmoving party to set forth specific facts showing that there is a genuine issue for trial.

To prevail on their legal malpractice claim, plaintiffs must prove: (1) the existence of an attorney-client relationship; (2) negligence on the part of counsel; (3) a causal link between the negligence and plaintiffs' damages; and (4) the fact and extent of damages. Lewandowski v. Continental Casualty Co., 88 Wis.2d 271, 277, 276 N.W.2d 284, 287 (1979). For purposes of this motion defendant concedes an attorney client relationship and negligence. It contends, however, that it was plaintiffs' business decision, and not defendant's legal advice, which led plaintiffs to forego application for the 9% credit.

In support of its motion defendant presents the following evidence by affidavit. Architect Stefan Helgeson offers his opinion that the project could have been modified and "it would have been feasible and relatively easy" for the plaintiffs to

submit an application for the 9% credit after learning of the unavailability of the 4% acquisition credit. Jean Eide, a partner in third-party defendant Rippley, testified that it was feasible to submit a timely 9% application for 2007 and that she so advised plaintiffs. Mark Pilon, the attorney who rendered the relevant opinion on behalf of defendant, testifies that in is his opinion that it was feasible for plaintiffs to file the 9% application.

In response plaintiff offers the affidavit of one of its principals, Adam Bachand. Bachand testifies that the development of the rehabilitation plan to comply with the 4% credit requirements took five months, and that ten tax credit syndicators declined to purchase the credits before plaintiffs found a willing purchaser. He also testified that 2006 expenditures were made in reliance on the 4% credit and had he known the project was ineligible for the 4% acquisition credit plaintiffs would have spent less money in 2006. Furthermore, he expresses his opinion based on the history of the project that it would not have been possible to alter the project or complete a timely and adequate application for the 9% credit in 2007. He denies ever being told by Eide that plaintiffs could have applied for the 9% 2007 credit.

Plaintiff also offers affidavit testimony of William Moser, the original architect of Royalton Manor and the rehabilitation architect. Moser opines that it would not have been possible to complete the project changes necessary to file a timely 9% credit application.

Viewing the evidence as a whole it is apparent that factual issues exist which preclude summary judgment on the damage causation issue. There are obvious credibility issues concerning the testimony of the parties, all of whom have a financial interest in the resolution of the issues. The conflicting testimony of the architects leaves considerable dispute concerning the feasibility and necessity of modifications to the project. Whether and to what extent plaintiffs were damaged by the allegedly erroneous opinion remains an issue for trial.

## ORDER

IT IS ORDERED that defendant's motion for summary judgment is DENIED.

Entered this 24th day of January, 2008.

BY THE COURT:
/s/

JOHN C. SHABAZ
District Judge